**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:17-CR-00124-11** |
| | ) | |
| **REX ANDREW WHITLOCK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Rex Andrew Whitlock's fully briefed motion for compassionate release. (Doc. Nos. 2427, 2432, 2438, 2440).[1] A decision on the merits is appropriate because Whitlock has exhausted his administrative remedies. (See Doc. No. 2439 at 55) (including September 17, 2026, request for reduction in sentence)); United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020) ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days[.]").

"Where a matter is conceptually simple," the Court need not "pen a full opinion" in modifying a sentence. United States v. Jones, 980 F.3d 1098, 1113 (6th Cir. 2020) (cleaned up). This matter is simple. Whitlock is dying. Because he is in BOP custody, his family cannot visit him or even reach him by telephone. (Doc. No. 2440 at 2). Notwithstanding his serious criminal history, there are extraordinary and compelling circumstances that favor release from custody.

## I. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A)(i), "district courts can reduce a prisoner's term of imprisonment when the prisoner makes three showings: (1) extraordinary and compelling reasons

---

[1] The Court also granted Whitlocks's motions for leave to file documents under seal and has considered those medical records as well. (See Doc. Nos. 2429, 2439).

warrant such a reduction; (2) the reduction is consistent with the Sentencing Commission's applicable policy statements; and (3) the factors set forth in § 3553(a) support the reduction." United States v. Hall, 179 F.4th 504, 508 (6th Cir. 2026) (internal quotation marks omitted) (cleaned up). A court must address all factors when granting relief. United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021).

## II. **Extraordinary and Compelling Reasons**

Whitlock has shown "extraordinary and compelling" circumstances in light of his health status. On August 26, 2026, he was diagnosed with "stage III.B AL amyloidosis" and "Multiple myeloma," a combination of a rare bone-marrow disease and blood cancer. (Doc. No. 2439 at 54, 57). This is a "terminal diagnosis." (Id.) On September 28, he was admitted to Duke University Hospital's ICU, and on October 2, was offered hospice care. (Id. at 29, 39). On November 2, Whitlock suffered a heart attack and is currently undergoing kidney dialysis. (Doc. No. 2440 at 1). In short, his condition is deteriorating rapidly. The government initially argued that despite the severity of his conditions, he had not shown that he was truly terminal. (Doc. No. 2432 at 10). Whitlock's health has significantly worsened since then, and the Court finds extraordinary and compelling reasons for granting relief.

## III. **Applicable Policy Statements**

The Sentencing Commission explicitly provides that "terminal illness[es]" constitute extraordinary and compelling circumstances. See U.S.S.G. § 1B1.13(b)(1); United States v. Collins, 2026 WL 2058533, at *2 (6th Cir. July 16, 2026) ("[A] prisoner can qualify [for compassionate release] if he has a serious medical condition, like a terminal illness.") (citing id.); United States v. Estrada-Elias, 2021 WL 5505499, at *4 (6th Cir. Nov. 24, 2021) (reversing denial of compassionate release for failing to decide whether terminal illness was extraordinary and

compelling). Even before Whitlock's most recent setbacks, his medical records indicated terminal illness with a likely end-of-life trajectory of less than five years. See id. (noting "a serious and advanced illness with an end-of-life trajectory" supports extraordinary and compelling circumstances). Release is clearly consistent with the relevant policy statements.

## IV. **Applicable Section 3553(a) Factors**

The applicable Section 3553(a) factors also support Whitlock's release. The Court is not persuaded that Whitlock's conditions might be treatable, or that compassionate release would not provide specific deterrence, protect the public, or promote respect for the law. (Doc. No. 2432 at 10–13).

*The nature and circumstances of the offenses and the history and characteristics of the defendant* weigh against compassionate release. Whitlock was arrested in 2008 and has remained in custody ever since. (Doc. Nos. 2427 at 2; 2432 at 2). He pled guilty, and was sentenced to 360 months for: (1) participating in a RICO conspiracy involving violence and drug trafficking, (2) conspiracy to distribute controlled substances, and (3) worst of all, causing the death of a person through the use of a firearm. (Doc. Nos. 831 at 10–24; 1401 at 4). The government is correct, Whitlock engaged in serious criminal conduct.

Whitlock's criminal history is extensive, beginning at just fourteen years of age. (Doc. No. 2432 at 1). His young-adult offenses include drug possession, evading arrest, driving under the influence, assault, and failing to appear for court. (Id. at 2). At the age of 23, he was charged with drug trafficking in the Western District of Kentucky and in the Northern District of Georgia. (Doc. No. 2432 at 2–3; Doc. No. 1059 at 3). These charges resulted in a combined 208-month sentence that ran consecutive to the sentence imposed by this Court. (Id.)

In isolation, these characteristics would caution against release; however, the Court does not weigh 3553(a) factors in a vacuum.

*The need to protect the public from further crimes of the defendant* weighs strongly in favor of compassionate release. Whitlock's medical conditions indicate that he will likely live the remainder of his life in the ICU or hospice care. The fact that he "is suffering from terminal cancer decreases the likelihood of future criminal behavior." United States v. Jeffress, 2025 WL 5144493, at *4 (E.D. Tenn. May 8, 2025); United States v. McGraw, 2019 WL 2059488, at *4 (S.D. Ind. May 9, 2019) (finding defendant's "frail condition" reasonably assured the safety of the community).

*The need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner* also weighs strongly in favor of compassionate release. Release from BOP restrictions and security would more efficiently allow for Whitlock's medical care and any needed transfer to another, more suitable facility.

*The need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense* weighs neither for nor against release. Whitlock has served over 18 years, or nearly half of his life, in prison. That is a significant sanction. And due to his health, "his sentence has been significantly more laborious than that served by most inmates." McGraw, 2019 WL 2059488, at *4. Moreover, the Court did not sentence Whitlock to life imprisonment, but denying relief would guarantee just that. On the other hand, he has not yet served even half of his combined 47-year sentence.

Whitlock's rehabilitation and behavior while in custody has been mixed. See United States v. Russell, 2021 WL 1788443, at *2 (M.D. Tenn. May 5, 2021) (finding one minor disciplinary infraction over seven (7) years in custody weighs in favor of release). He became the head

instructor of fitness classes, and correctional staff and prisoners alike speak strongly of the supportive role he plays in the community. (Doc. No. 2429). He also has a history of discipline. (See Doc. No. 2432). The majority of this history took place over ten years ago, and most of the charges appear minor (e.g., using another inmates' phone without permission). (Id. at 3-4.) He admitted to most of them. (Id. at 3-4.) One 2016 report involves fighting with another inmate, and he admitted to that as well. (Id. at 3). The most concerning report states that he orchestrated an assault on another inmate in 2025. (Id. at 2). Whitlock denies this charge. (Id.).

In sum, the Court finds that the 3553(a) factors weigh in favor of granting Whitlock's compassionate release.

## V. Conclusion

For the foregoing reasons, and after considering the evidence and arguments, Whitlock's motion for compassionate release (Doc. No. 2427) is **GRANTED**. The custodial portion of his sentence will be reduced to **TIME SERVED**, and he shall be released from the custody of the Bureau of Prisons. Except as otherwise provided in this Order, all provisions of the Judgment dated January 30, 2019, including the five-year term of supervised release, remain in effect. (See Doc. No. 1059). He is currently in the ICU at Duke University Hospital and shall immediately contact the probation office if he moves to a non-medical facility.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE